GREEN WELLING LLP
Robert S. Green (136183)
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel.: (415) 477-6700
Fax: (415) 477-6710

Liaison Counsel for Lead Plaintiff and the Class

SCHIFFRIN & BARROWAY, LLP
Katharine M. Ryan (admitted *pro hac vice*)
Karen E. Reilly (admitted *pro hac vice*)
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

Counsel for Lead Plaintiff and the Class

FILED
NOV - 8 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CORNERSTONE PROPANE PARTNERS, L.P. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Case No. C 03-2522 MHP<br><br>[~~PROPOSED~~] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

IT IS HEREBY ORDERED, upon a showing that good cause exists for entry of a order limiting the dissemination of Confidential information (as defined herein), with consent of all parties, that each of the parties, and any non-party, that, by itself or through its counsel, agrees to the terms of this Confidentiality Agreement as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information in the above-captioned action:

1. **Definitions.**

    (a) The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person (as

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP
549301 v2/HN

549301 v1/HN

1

defined herein) that it reasonably and in good faith believes is confidential and/or competitively sensitive information - or, in the case of an individual producing person, that contains sensitive personal information - whose disclosure could impair the interests of the producing person. Specifically, to designate Confidential Information "Confidential," the producing party must reasonably and in good faith believe that the Confidential Information reflects: (i) confidential design, manufacturing, or marketing plans, strategies, methods of information; (ii) other sensitive non-public information that, if improperly disclosed, is likely to cause the producing party commercial harm; or (iii) in the case of an individual producing person, sensitive personal information pertaining to either the producing person or another individual person, or other sensitive non-public information that, if improperly disclosed, is likely to cause commercial harm to the person from whom the producing party received the information.

(b)   The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

(c)   The term "document" has the widest meaning accorded to it under the Federal Rules of Civil Procedure, and includes, but is not limited to, all written, printed, typed, recorded (including but not limited to audio, video, and digital recordings), pictorial, or graphic materials. The term "document" includes all data that is electronically stored or maintained that is accessible through computers or other information retrieval systems or devices. The term "document" includes the original version (or a copy of the original version if the original is unavailable); all copies, drafts, or versions that differ from the original (including but not limited to any notation, underlining, marking, or information not attached to the original); all drafts, whether or not they resulted in a final or distributed version; all revisions of drafts; and any preliminary or preparatory material, from whatever source, underlying, supporting, considered, or used in the preparation of any document. "Document" also includes any removable note or other attachment or

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

549301 v1/HN

2

exhibit affixed to any of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

(d) The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(e) The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

(f) The term "qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers of a party who are engaged in work related to this action, including necessary legal assistants and stenographic and clerical employees actually assisting these persons; (iii) outside independent experts and consultants who are assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; (iv) the Court and the Court's personnel, including stenographic reporters; (v) the named plaintiff and defendants in this action; and (vi) mediators engaged with the permission of all parties or by order of this Court in connection with this lawsuit. Before disclosure to any person described in (iii) and (vi) of any information designated as "Confidential," the person shall execute and deliver to the attorney of record wishing to disclose the information to such individual a written agreement not to use or to disclose to anyone any of the contents of the Confidential Information and to be bound by the terms of this Order. Such agreement shall be executed in the form of Attachment A to this Order.

(g) The term "receiving person" means any person to whom information is disclosed in this action in response to any discovery method.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

3

549301 v1/HN

2.	This Agreement applies to all documents and information produced in this action by a producing person, regardless of whether such documents or information was produced prior to or after the entry of this Agreement.

3.	Confidential Information may be designated by any producing person as "Confidential". Moreover, parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential". Any information supplied in documentary or other tangible form may be designated by the producing person or producing party as Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL". Any information designated as Confidential Information shall be maintained in confidence by any receiving person and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Agreement. Confidential Information may be disclosed only to qualified persons, except for non-qualified persons permitted access to Confidential Information under Paragraph 6 of this Order.

4.	All information or documents disclosed in this action, whether or not containing Confidential Information, shall be used solely for purposes of litigating this action and not in connection with any other judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. Any summary, compilation, note, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of the Agreement to the same extent as the material or information from which such summary, compilation, note, copy, electronic image or database is derived.

5.	In the event that any question is asked at a deposition or an evidentiary hearing that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition or, if so ordered by the Court at an evidentiary hearing, are persons who are qualified to receive the Confidential Information. Counsel for the person claiming confidentiality may designate portions of the deposition or hearing transcript as

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP                                                                                    4

549301 v1/HN

prompt steps to assure that the material is marked as confidential or returned to the producing party for confidential designation.

8. This Agreement is executed solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Agreement, nor the production of any documents or disclosure of any information pursuant to this Agreement, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Agreement; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

9. If the receiving person disagrees with the confidential designation by the producing person, then the receiving person shall so notify counsel for the producing person in writing. Counsel for the producing person and the receiving person shall first try to resolve such dispute within five (5) business days after receipt of the receiving person's notice. If the dispute cannot be resolved, the producing party shall file a motion within fifteen (15) business days seeking a protective order that the contested Confidential designation is proper and that such disclosure may not take place because the need for such disclosure is not outweighed by the producing party's interest in limiting its dissemination. Pending a determination by the Court, such information shall be treated under this Agreement as Confidential Information as designated by the producing person.

10. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Agreement shall not be deemed to prejudice any party in any way in any future application for a protective order.

11. Before filing any document under seal, a party must first, upon motion, obtain the Court's consent to file such document under seal pursuant to Northern District of California Civil L.R. 79-5. All documents containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

6

549301 v1/HN

title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

### FILED UNDER SEAL

By order of the Court, entered on [date], this envelope is to remain sealed, and the Court, the Court's personnel and any receiving person shall not reveal the contents thereof to any person until further order of this Court.

All Confidential Information filed with the Court shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. In the event that the Court declines to allow documents to be filed under seal, a party wishing to present to the Court any document that contains Confidential Information may, by formal motion practice, seek to furnish such Confidential Information to the Court in private and may request that the motion, request, or application to which they relate be entertained in private and that all copies of documents containing Confidential Information be returned to the furnishing party following resolution of such motion, request or application.

12. If Confidential Information in the possession, custody or control of any receiving person is sought by subpoena or other form of discovery request or compulsory process, the receiving person to whom the process or discovery request is directed, shall (i) on or before the fifth business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash or modify such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving person is required by a Court or court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

13. Upon final termination of this action, including all appeals, all parties and experts, consultants and qualified persons shall within 30 days (i) return to the producing person or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP                                                                 7

549301 v1/HN

thereof, as well as, all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and data base tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain their attorney work product and attorney client privileged material, including copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Agreement. Counsel or record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

14. Except as specifically noted herein, this Agreement shall not limit a producing person's use of its own Confidential Information, nor shall this Agreement limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

15. The parties agree forthwith to submit this Confidential Agreement and Protective Order to the Court for approval and entry.

16. This Agreement shall survive and remain in full force and effect after termination of this action.

SO ORDERED: *Subject to modified order attached hereto.*

Dated: 11/7/05

Honorable Marilyn Hall Patel
United States District Judge
Northern District of California

Dated: October 31, 2005

SCHIFFRIN & BARROWAY, LLP

Katharine M. Ryan (admitted *pro hac vice*)
Karen E. Reilly (admitted *pro hac vice*)
280 King of Prussia Rd.
Radnor, PA 19087
Tel.: (610) 667-7706

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

8

549301 v1/HN

| | | |
|---|---|---|
| 1 | Dated: | **GREEN WELLING LLP** |
| 2 | | Robert S. Green (136183) |
| 3 | | 595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>Tel.: (415) 477-6700 |
| 4 | | |
| 5 | | Lead Counsel and Liaison for Lead Plaintiff and the Class |
| 6 | Dated: | **COOLEY GODWARD LLP** |
| 7 | | /s/ |
| 8 | | Grant P. Fondo |
| 9 | | 5 Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 |
| 10 | | (650) 843-5000 |
| 11 | | Counsel for Defendants, Keith Baxter, Ronald J. Goedde, Charles J. Kittrell and Richard D. Nye |
| 12 | Dated: | **LEONARD STREET & DEINARD, P.A.** |
| 13 | | |
| 14 | | |
| 15 | | Douglas R. Boettge<br>Michael G. Taylor, Esquire<br>150 South Fifth Street, Suite 2300 |
| 16 | | Minneapolis, MN 55401<br>(612) 335-1500 |
| 17 | | |
| 18 | | **SHARTSIS FRIESE, LLP**<br>Jahan P. Raissi |
| 19 | | One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111<br>(415) 421-6500 |
| 20 | | |
| 21 | | Counsel for Defendants, Merle D. Lewis and Daniel K. Newell |
| 22 | Dated: | **WINTHROP & WEINSTINE, P.A.** |
| 23 | | |
| 24 | | David P. Pearson (admitted *pro hac vice*) |
| 25 | | 225 South Sixth Street, Suite 3500<br>Minneapolis, MN 55402<br>(612) 604-6692 |
| 26 | | |
| 27 | | Counsel for Defendant, Richard R. Hylland |
| 28 | | |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

9

549301 v1/HN

| | | |
|---|---|---|
| 1 | Dated: | **GREEN WELLING LLP** |
| 2 | | Robert S. Green (136183) |
| 3 | | 595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>Tel.: (415) 477-6700 |
| 4 | | |
| 5 | | Lead Counsel and Liaison for Lead Plaintiff and the Class |
| 6 | Dated: | **COOLEY GODWARD LLP** |
| 7 | | |
| 8 | | _____<br>Grant P. Fondo |
| 9 | | 5 Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 |
| 10 | | (650) 843-5000 |
| 11 | | Counsel for Defendants, Keith Baxter, Ronald J. Goedde, Charles J. Kittrell and Richard D. Nye |
| 12 | | |
| 13 | Dated:<br>November 2, 2005 | **LEONARD STREET & DEINARD, P.A.** |
| 14 | | _____ |
| 15 | | Douglas R. Boettge<br>Michael G. Taylor, Esquire |
| 16 | | 150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55401<br>(612) 335-1500 |
| 17 | | |
| 18 | | **SHARTSIS FRIESE, LLP**<br>Jahan P. Raissi |
| 19 | | One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111<br>(415) 421-6500 |
| 20 | | |
| 21 | | Counsel for Defendants, Merle D. Lewis and Daniel K. Newell |
| 22 | Dated: | **WINTHROP & WEINSTINE, P.A.** |
| 23 | | |
| 24 | | _____<br>David P. Pearson (admitted *pro hac vice*) |
| 25 | | 225 South Sixth Street, Suite 3500<br>Minneapolis, MN 55402<br>(612) 604-6692 |
| 26 | | |
| 27 | | Counsel for Defendant, Richard R. Hylland |
| 28 | | |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

9

549301 v1/HN

| | | |
|---|---|---|
| 1 | Dated: | **GREEN WELLING LLP** |
| 2 | | Robert S. Green (136183) |
| 3 | | 595 Market Street, Suite 2750 |
| | | San Francisco, CA 94105 |
| 4 | | Tel.: (415) 477-6700 |
| 5 | | Lead Counsel and Liaison for Lead Plaintiff and the Class |
| 6 | Dated: | **COOLEY GODWARD LLP** |
| 7 | | |
| 8 | | _____ |
| 9 | | Grant P. Fondo |
| | | 5 Palo Alto Square |
| 10 | | 3000 El Camino Real |
| | | Palo Alto, CA 94306-2155 |
| 11 | | (650) 843-5000 |
| 12 | | Counsel for Defendants, Keith Baxter, Ronald J. Goedde, Charles J. Kittrell and Richard D. Nye |
| 13 | Dated: | **LEONARD STREET & DEINARD, P.A.** |
| 14 | | |
| 15 | | _____ |
| | | Douglas R. Boettge |
| 16 | | Michael G. Taylor, Esquire |
| | | 150 South Fifth Street, Suite 2300 |
| 17 | | Minneapolis, MN 55401 |
| | | (612) 335-1500 |
| 18 | | **SHARTSIS FRIESE, LLP** |
| | | Jahan P. Raissi |
| 19 | | One Maritime Plaza, 18th Floor |
| | | San Francisco, CA 94111 |
| 20 | | (415) 421-6500 |
| 21 | | Counsel for Defendants, Merle D. Lewis and Daniel K. Newell |
| 22 | Dated: November 1, 2005 | **WINTHROP & WEINSTINE, P.A.** |
| 23 | | |
| 24 | | /s/ _____ |
| 25 | | David P. Pearson (admitted *pro hac vice*) |
| | | Karl E. Robinson (admitted *pro hac vice*) |
| 26 | | 225 South Sixth Street, Suite 3500 |
| | | Minneapolis, MN 55402 |
| 27 | | (612) 604-6692 |
| 28 | | Counsel for Defendant, Richard R. Hylland |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

549301 v1/HN

9

Exhibit A

CERTIFICATION

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2005, in In re Cornerstone Propane Partners, L.P. Securities Litigation, Master File No. C 03-2522 MHP, and that I have been given a copy of and have read that Order and agree to be bound by it and submit to the jurisdiction of the United States District Court for the Northern District of California in connection with that Order. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned promptly after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

DATE: _____   _____

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

Confidentiality Agreement and Protective Order
Case No. C 03-2522 MHP

10

549301 v1/HN