1  Robert S. Green (State Bar No. 136183)
   GREEN WELLING LLP
2  595 Market Street, Suite 2750
   San Francisco, CA 94105
3  Telephone (415) 477-6700
   Facsimile (415) 477-6710
4  Liaison Counsel for Lead Plaintiff and the Class

5

6  Katharine M. Ryan (Admitted Pro Hac Vice)
   Karen E. Reilly (Admitted Pro Hac Vice)
7  Kay E. Sickles (Admitted Pro Hac Vice)
   SCHIFFRIN BARROWAY TOPAZ &
8  KESSLER, LLP
   280 King of Prussia Road
9  Radnor, PA 19087
   Telephone (610) 667-7706
10 Facsimile (610) 667-7056
   Lead Counsel for Lead Plaintiff and the Class

11

12                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
13

14 | In re CORNERSTONE PROPANE           ) Case No. C03-2522-MHP
   | PARTNERS LP SECURITIES LITIGATION   )
15 |                                     ) [PROPOSED] PRELIMINARY
   |                                     ) APPROVAL ORDER
16 |                                     )

17
                    [PROPOSED] PRELIMINARY APPROVAL ORDER
18
        WHEREAS, a consolidated class action is pending before the Court entitled In re
19
   CornerStone Propane Partners L.P. Securities Litigation, Case No. C03-2522 MHP (the "Action");
20
        WHEREAS, the Court has received the Stipulation of Settlement dated as of September 19,
21
   2006 (the "Stipulation"), that has been entered into by Lead Plaintiff and the Defendants (the
22
   "Parties"), and the Court has reviewed the Stipulation and its attached Exhibits; and
23
        WHEREAS, the Court granted Lead Plaintiff's motion for class certification by
24
   Memorandum and Order dated May 3, 2006, certifying a Class of all persons and entities who
25
   purchased or otherwise acquired Cornerstone Propane Partners L.P. ("Cornerstone") common units
26
   between July 29, 1998 and February 11, 2003, inclusive (the "Class"). Excluded from the Class
27
   are: (i) Defendants; (ii) members of the immediate family of each of the Defendants; (iii)
28

1

Cornerstone and any subsidiary or affiliate of Cornerstone; (iv) the directors, officers, managing directors, principals and partners of Cornerstone; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representative, heirs, successors or assigns of any excluded person. Also excluded from the Class are those persons or entities (i) who both purchased or acquired and sold their Cornerstone common units before July 27, 2001; or (ii) who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to the Class; and

WHEREAS, the Court, by the same May 3, 2006 Memorandum and Order, appointed Lead Plaintiff, Gilbert H. Lamphere, as the representative of the Class; and

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

IT IS HEREBY ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court preliminarily approves: (1) the Settlement of the Action as set forth in the Stipulation and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness and adequacy of the Stipulation, the proposed Plan of Allocation or the fairness and adequacy of their representation by Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the

Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. The Court approves as to form and content, and for distribution to Class Members, the Notice substantially in the form of Exhibit A-1 hereto, for publication of a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in the form of Exhibit A-3 hereto, and for distribution to Class Members, a Proof of Claim and Release ("Proof of Claim") in the form of Exhibit A-2 hereto.

4. Pending resolution of these settlement proceedings, Lead Plaintiff and all other potential Class Members, whether directly, representatively or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any actions or proceedings asserting any Released Claims against the Defendants or any other Released Persons.

5. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. Lead Counsel is hereby authorized to retain The Garden City Group, Inc. as Claims Administrator to supervise and administer the notice and claims procedures.

7. The Claims Administrator shall make reasonable efforts to identify all persons and entities that are members of the Class, including beneficial owners whose Cornerstone common units are held by banks, brokerage firms or other nominees. Cornerstone shall provide within three (3) calendar days of the execution of this order the information from its transfer records required by the Claims Administrator to send Notice to the persons and entities that can be identified through those same records. The Claims Administrator shall send the Notice and the Proof of Claim by first class mail to all persons and entities that appear on the transfer records of Cornerstone as having

transferred to their names Cornerstone common units between July 29, 1998 and February 11, 2003, inclusive.

8. The mailing of the Notice and Proofs of Claim shall commence on or before fifteen (15) calendar days following the execution of this order (the "Notice Date").

9. Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon counsel for the Defendants no later than seven (7) calendar days prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this order.

10. Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a Summary Notice substantially in the form of Exhibit A-3 hereto in *The Wall Street Journal*. Lead Counsel shall file with the Court and serve upon counsel for Defendants no later than seven (7) calendar days prior to the Settlement Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this order.

11.     The Court finds that dissemination of the Notice and Proof of Claim in the manner required by ¶¶8-9, and publication of the Summary Notice in the manner required by ¶10, constitute the best notice practicable under the circumstances to Class Members and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and any other applicable law and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12.     Any person or entity falling within the definition of the Class may, upon request, be excluded from the Settlement. Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fifty (50) calendar days after the Notice date. A Request for Exclusion must state: (1) the name, address, and telephone number of the person or entity requesting exclusion; (2) the person's or entity's purchase(s), acquisition(s) and sale(s) of Cornerstone common units made during the Class Period, including the dates, the number of common units, and price paid or received per common unit for each such purchase or sale; and (3) that the person or entity wishes to be excluded from the Class. All persons and entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund and shall not be bound by the Stipulation or the Final Order and Judgment.

13.     Any Class Member who objects to the Settlement of the Action, the proposed Plan of Allocation, the adequacy of representation by Lead Counsel, the application of counsel for attorneys' fees, costs and expenses or the application of the Lead Plaintiff for reimbursement of reasonable time and expenses, shall have a right to appear and be heard at the Settlement Hearing. Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense or may appear on their own. However, no Class Member shall be

heard at the Settlement Hearing unless, on or before fifty (50) calendar days after the Notice Date, such Person has filed with the Court a written notice of objection, and the grounds for opposing the Settlement, Plan of Allocation application for attorneys' fees, costs and expenses, or application by Lead Plaintiff for reimbursement of reasonable time and expenses along with proof of membership in the Class which proof shall include the number of Cornerstone common units purchased or otherwise acquired during the Class Period, and delivered a copy to counsel listed on the Notice. The manner in which a notice of objection must be prepared, filed and delivered shall be stated in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

14. The Court authorizes payment out of the Settlement Fund of the expenses described in ¶3.5 of the Stipulation.

15. A Settlement Hearing will be held on _December 10_, 2007, at _2:00 p_.m. before this Court to determine whether the proposed Settlement of the Action as set forth in the Stipulation, should be approved as fair, reasonable and adequate as to each of the Parties, and whether the Final Order and Judgment approving the Settlement should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to Class Members.

16. At the Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation of the Net Settlement Fund should be approved.

17. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with and subject to the terms of the Stipulation is approved. No person or entity that is not a Class Member or counsel for Lead Plaintiff shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

19. At the Settlement Hearing, the Court will determine whether the application of Lead Counsel for an award of attorneys' fees, costs and expenses should be approved.

20. At the Settlement Hearing, the Court will determine whether the application of Lead Plaintiff for reimbursement of reasonable time and expenses should be approved.

21. Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Court Order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Persons as set forth in the Stipulation; and (3) be signed under penalty of perjury that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Order and Judgment, if entered.

22. Neither Defendants nor counsel for Defendants shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel, and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23. No later than ten (10) calendar days before the Settlement Hearing, all briefs supporting the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the application by Lead Plaintiff for reimbursement for reasonable time and expenses shall be served and filed.

24. Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

25. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

26. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

27. If (a) the Settlement is terminated by Defendants pursuant to ¶8.8 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or one or more of Defendants elects to terminate the Settlement as provided in ¶8.4 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or

proceedings by any person or entity, and each Party shall be restored to his, her or its respective position as it existed on May 18, 2006.

DATED: September 10, 2007

_____
THE HONORABLE MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE