1  Robert S. Green (State Bar No. 136183)
   **GREEN WELLING LLP**
2  595 Market Street, Suite 2750
   San Francisco, CA 94105
3  Telephone (415) 477-6700
   Facsimile (415) 477-6710
4  Liaison Counsel for Lead Plaintiff and the Class

5

6  Katharine M. Ryan *(Admitted Pro Hac Vice)*
   Karen E. Reilly *(Admitted Pro Hac Vice)*
7  Kay E. Sickles *(Admitted Pro Hac Vice)*
   **SCHIFFRIN & BARROWAY, LLP**
8  280 King of Prussia Road
   Radnor, PA 19087
9  Telephone (610) 667-7706
   Facsimile (610) 667-7056
10 Lead Counsel for Lead Plaintiff and the Class

11                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
12

13 In re CORNERSTONE PROPANE        ) Case No. C03-2522-MHP
   PARTNERS LP SECURITIES LITIGATION )
14                                   ) [PROPOSED] **FINAL ORDER**
15 _____   ) **AND JUDGMENT**
                                     )
16              [PROPOSED] **FINAL ORDER AND JUDGMENT**

17

18         On the 10th day of December, 2007, a hearing having been held before this Court to

19 determine: (1) whether the terms and conditions of the Stipulation of Settlement dated as of

20 September 19, 2006, and filed in the above-captioned action (the "Stipulation") are fair, reasonable

21 and adequate for the Settlement of all claims asserted by the Class against the current and former

22 Defendants in the Complaint, Cornerstone Propane Partners LP, Inc., Keith G. Baxter ("Baxter"),

23 Ronald J. Goedde ("Goedde"), Charles J. Kittrell ("Kittrell"), Richard D. Nye ("Nye"), Merle D.

24 Lewis ("Lewis"), Richard R. Hylland ("Hylland"), Daniel K. Newell ("Newell") and William J.

25 Woods ("Woods") (collectively, the Defendants), now pending in this Court under the above

26 caption (the "Action"), including the release of the Defendants and the other Released Persons, and

27 should be approved; (2) whether judgment should be entered dismissing the Action on the merits

28

FILED

DEC 1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 and with prejudice in favor of the Defendants and as against all persons and entities who are

2 members of the Class herein who have not requested exclusion therefrom; and (3) whether to

3 approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds

4 among the Members of the Class. The Court having considered all matters submitted to it at the

5
6 hearing and otherwise; and it appearing that adequate notice of the hearing was provided in

7 accordance with the Court's Preliminary Approval Order dated September 10, 2007 substantially in

8 the form approved by the Court was mailed to all persons and entities reasonably identifiable, who

9 purchased or otherwise acquired Cornerstone common units between July 29, 1998 and February

10 11, 2003, inclusive (the "Class Period"), and who were damaged thereby, except those persons

11 excluded from the definition of the Class, as shown by the transfer records of Cornerstone's transfer

12
13 agent at the respective addresses set forth in such records, or as otherwise demonstrated to be

14 excluded, and including those additional Members of the Class identified by nominee owners to the

15 Claims Administrator as set forth in the Affidavit of a representative of The Garden City Group,

16 Inc. and that a summary notice of the hearing substantially in the form approved by the Court was

17 published in *The Wall Street Journal* pursuant to the specifications of the Court; and all capitalized

18 terms used herein, unless otherwise defined herein, having the meanings as set forth and defined in

19 the Stipulation:

20
21     IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

22     1.    The Court, for purposes of this Final Order and Judgment, adopts all defined terms

23 as set forth in the Stipulation.

24     2.    The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff,

25 the Class Members and the Defendants.

26     3.    The Court finds that the distribution of the Notice of Pendency and Proposed

27
28 Settlement of Class Action (the "Notice"), Proof of Claim and Release form ("Proof of Claim"), and

1  publication of the Summary Notice of Pendency and Proposed Settlement of Class Action

2  ("Summary Notice") as provided for in the Preliminary Approval Order constituted the best notice

3  practicable under the circumstances to apprise all persons and entities within the definition of the

4  Class of the pendency of the Action and their rights in it, the terms of the proposed Settlement of

5
   the Action, and afforded Class Members with an opportunity to present their objections, if any, to
6
7  the Settlement. The Court finds that the provision of notice to Class Members fully met the

8  requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the

9  United States Constitution and any other applicable law.

10     4.     The Court finds that all persons and entities within the definition of the Class have

11  been adequately provided with an opportunity to remove themselves from the Class by executing

12
   and returning a "request for exclusion" in conformance with the terms of the Notice.
13
14     5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has

15  previously certified a Class of all persons and entities who purchased or otherwise acquired

16  Cornerstone common units between July 29, 1998 and February 11, 2003, inclusive, and who were

17  damaged thereby. Excluded from the Class are (i) Defendants; (ii) members of the immediate

18  family of each of the Defendants; (iii) Cornerstone and any subsidiary or affiliate of Cornerstone;

19  (iv) the directors, officers, managing directors, principals and partners of Cornerstone; (v) any entity

20  in which any excluded person has a controlling interest; and (vi) the legal representative, heirs,

21  successors and assigns of any excluded person. Also excluded from the Class are those persons and

22  entities (i) who both purchased or acquired and sold their Cornerstone common units before July 27,

23  2001; or (ii) who timely and validly request exclusion from the Class.

24

25

26

27

28

3

6.     The Court approves the Settlement of the Action, as set forth in the Stipulation, each of the releases, and other terms, as fair, reasonable and adequate. The Parties are directed to perform in accordance with the terms set forth in the Stipulation.

7.     Upon the Effective Date, the Lead Plaintiff, the Class Members, and Lead Counsel and the successors and assigns of any of them shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Persons from the Released Claims (whether or not such Class Member executes and delivers the Proof of Claim). "Released Persons" means each and all of the Defendants, Cornerstone, Northwestern Corporation, Northwestern Growth Corporation, and their respective past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which Cornerstone or a Defendant has a controlling interest, any member of a Defendant's immediate family, or any trust of which any Defendant is the settler or which is for the benefit of any Defendant's family. "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Persons, or (ii) that could have been asserted in the Action by the Class Members or any of them against any of the Released Persons which arise out of, are based upon, or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions set forth, or referred to in the Action and are based upon the purchase or acquisition of Cornerstone common units during the Class Period.

8.     Upon the Effective Date, each of the Defendants and their respective counsel and the successors and assigns of any of them shall, and by operation of this Final Order and Judgment, fully, finally and forever release, relinquish and discharge the Released Defendants' Claims.

4

1  "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities

2  whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule

3  or regulation, including both known claims and Unknown Claims, that have been or could have

4  been asserted in the Action or any forum by the Defendants or any of them or the successors and

5  assigns of any of them against the Lead Plaintiff, any Class Member or their attorneys, which arise

6  out of or relate in any way to the institution, prosecution or settlement of the Action (except for

7  claims to enforce the Settlement).

8        9.     Upon the Effective Date, each of the Defendants and the successors and assigns of

9  any of them shall, and by operation of this Final Order and Judgment, fully, finally and forever

10  release, relinquish and discharge the Released Defendants v. Defendants' Claims. "Released

11  Defendants v. Defendants' Claims" means any and all claims, rights or causes of action or liabilities

12  whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule

13  or regulation, including both known claims and Unknown Claims, that have been or could have

14  been asserted in the Action or any forum by the Defendant or any of them or the successors and

15  assigns of any of them against any of the other Defendants which arise out of or relate in any way to

16  the allegations, transactions, facts, matters, occurrences, representations or omissions in the Action

17  (except for claims to enforce the Settlement) and all claims for reimbursement, indemnification, or

    contribution that arise out of or relate to the Released Claims.

18        10.    "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class

19  Member does not know or suspect to exist in his, her or its favor at the time of the release of the

20  Released Persons, and any Released Defendants' Claims or Released Defendants v. Defendants'

21  Claims that any Defendant does not know or suspect to exist in his, her or its favor, which, if known

22  by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With

23  respect to any and all Released Claims, Released Defendants' Claims, and Released Defendants v.

24  Defendants' Claim, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff

25  and Defendants expressly waive and relinquish, and the Class Members and Released Persons shall

26  be deemed to have, and by operation of the Final Order and Judgment shall have expressly waived

27  and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542

    of the California Civil Code, which provides:

28

5

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants expressly waive and the Class Members and the Released Persons shall be deemed to, and upon the Effective Date and by operation of the Final Order and Judgment shall, have waived any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. The Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

11. ~~Except as to any individual claim of those persons and entities who have validly and timely requested exclusion from the Class, identified in Exhibit 1 hereto,~~ The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Final Order and Judgment and under the terms of the Stipulation and the releases therein, it is intended to preclude, and shall preclude, Lead Plaintiff and all other Class Members from filing or pursuing any Released Claims against the Released Persons under federal law or the law of any state. *n.l*

12. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proofs of Claim to be executed by the Class Members shall further release all Released Claims against the Released Persons. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, the Released Persons or Lead Counsel;

1    (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

2    omission of any of the Defendants or the Released Persons in any civil, criminal or administrative

3    proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence

4    by any Party for any purpose except as provided in this ¶15. Released Persons may file the

5
6    Stipulation and/or the Final Order and Judgment from this Action in any other action that may be

7    brought against them in order to support a defense or counterclaim based on principles of res

8    judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory

9    of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties, their

10   respective counsel or any other Member of the Class may file the Stipulation in any proceeding

11   brought to enforce any of its terms or provisions.

12
        14.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the
13
14   Claims Administrator are directed to administer the Stipulation in accordance with its terms and

15   provisions.

16      15.     The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of

17   1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15

18   U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that Lead Plaintiff, Lead Counsel, Defendants and Defendants'

19   Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure

20
     as to any complaint, responsive pleading or dispositive motion.
21

22      16.     In the event that the Settlement fails to become effective in accordance with its

23   terms, or if this Final Order and Judgment is reversed, vacated, or materially modified on appeal

24   (and, in the event of material modification, if any party elects to terminate the Settlement), this Final

25   Order and Judgment (except this paragraph) shall be null and void, the Settlement (except ¶8.6 of

26   the Stipulation) shall be deemed terminated, and the Parties shall return to their pre-settlement

27   positions as provided for in the Settlement, except that (1) any modifications, reversal, or vacation
28

7

1   of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in

2   this Court shall in no way disturb or affect any other part of this Final Order and Judgment,

3   including, but not limited to ¶¶7-14 which parts shall be considered separate from the award of

4   attorneys' fees; (2) any further proceedings, whether in this Court or on appeal, related to the Plan

5   of Allocation shall in no way disturb or affect any other part of this Final Order and Judgment,

6   including, but not limited to ¶¶7-14 which parts shall be considered separate from the Plan of

7   Allocation; and (3) any modifications, reversal, or vacation of an award to Lead Plaintiff on appeal

8   or in any further motions in this Court shall in no way disturb or affect any other part of this Final

9   Order and Judgment, including, but not limited to ¶¶7-14 which parts shall be considered separate

10  from the award of attorneys' fees.

11          17.     Without affecting the finality of this Final Order and Judgment in any way, the Court

12  reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiff, the Class and the

13  Released Persons for the purposes of: (1) supervising the implementation, enforcement,

14  construction, and interpretation of the Stipulation, the Plan of Allocation, and this Final Order and

15  Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys'

16  fees, costs and expenses; (3) hearing and determining the application for award to Lead Plaintiff for

17  the reimbursement of reasonable time and expenses; and (4) supervising the distribution of the

18  Settlement Fund.

19  Dated: _____December 11_____, 2007

20
                                                _____
21                                              THE HONORABLE MARILYN HALL PATEL
                                                UNITED STATES DISTRICT JUDGE
22

23  n. 1  As to the class member identified by and
24  submitting Exhibit 1, the court finds that it fails
25  attempted exclusion is invalid in that it fails
26  to comply with the requirement of paragraph 21
27  of the Preliminary Approval Order. Therefore, the
28  exclusion is rejected.

8

# Exhibit
# 1

BOSTON MA 021

23 OCT 2007 PM 14 L

Carmatine Pigeon Patted Secreter hijden Belgium
c/o De Creuda City Group
Claim: Administration
P.O. Box 9081
Dublin, Ohio 43017-0981

43017-0981

October, 2007

Cornerstone Propane Partners
Securities Litigation

Gentlemen,

Please exclude from the settlement:

Mark Norman
10 Sanderson Road
Lexington, MA 02420

I have retained my right to proceed in any way I see fit by this notice to you.

You have not represented my interests, or otherwise you have deemed "in the class".

You do not have my support.

Please refrain from any contact except by U.S. mail.

Thank you,

E Mark Norman

RECEIVED
OCT 2 6 2007
THE GARDEN CITY GROUP, INC.